UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JENNIFER DONLON,

                                    Plaintiff,

                                                        Case # 23-CV-6096-FPG

v.

                                                        DECISION AND ORDER

CITY OF HORNELL, *et al.*,

                                    Defendants.

## INTRODUCTION

This action arises from Plaintiff Jennifer Donlon's removal as an assistant city judge in the City of Hornell. She brings this action under 42 U.S.C. § 1983 against Defendants City of Hornell[1] and New York Unified Court System, alleging that Defendants violated several of her constitutional rights prior to, and in connection with, her removal. ECF No. 1. On the same day that Plaintiff filed her complaint, she moved for a temporary restraining order pending further proceedings on her motion for a preliminary injunction. ECF No. 2. For purposes of the TRO, Plaintiff requests that (1) the City be enjoined from removing her from her position prior to the expiration of her term, which will occur on March 7, 2023; (2) the Unified Court System be enjoined from prohibiting Plaintiff from entering the courthouse and performing her judicial functions; and (3) the City be enjoined from refusing to re-appoint her to her position for the next term. ECF No. 2 at 1-2; ECF No. 3 at 1.

For the reasons discussed below, the Court intends to *sua sponte* dismiss the New York Unified Court System as a defendant, and therefore Plaintiff's requests for a TRO and a

---

[1] When referring to Defendant City of Hornell, Plaintiff uses the terms "City of Hornell," "City Council," and "Common Council" interchangeably. *See, e.g.*, ECF No. 1 at 4-5. For purposes of this order, the Court will do likewise.

preliminary injunction against the Unified Court System will be DENIED AS MOOT.  As for the City of Hornell, the Court DENIES Plaintiff's TRO requests, but orders expedited proceedings on Plaintiff's request for a preliminary injunction against the City of Hornell.

## DISCUSSION

"In the Second Circuit, the standard for issuance of a temporary restraining order is the same as the standard for a preliminary injunction." *Antonyuk v. Hochul*, No. 22-CV-986, 2022 WL 5239895, at *3 (N.D.N.Y. Oct. 6, 2022).  "A party seeking a preliminary injunction must ordinarily establish (1) irreparable harm; (2) either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of its claims to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party; and (3) that a preliminary injunction is in the public interest." *De Jesus Moreno v. Nielsen*, 460 F. Supp. 3d 291, 297 (E.D.N.Y. 2020) (internal quotation marks omitted).

The Court must first address the claims against the Unified Court System.  The Court intends to *sua sponte* dismiss the Unified Court System as a defendant because it is not a proper defendant in this Section 1983 action.  Section 1983 "provides that an action may be maintained against a 'person' who has deprived another of rights under the 'Constitution and Laws.'" *Brown v. Nassau Cty.*, No. 05-CV-872, 2005 WL 1124535, at *3 (E.D.N.Y. May 9, 2005).  But it is well-established that "the New York State Unified Court System" is not a "person" within the "meaning of 42 U.S.C. § 1983," and as such, cannot be sued under that statute.  *Brown v N.Y.S. Unified Ct. Sys.*, 261 F. App'x 307, 308-09 (2d Cir. 2008) (summary order).  Therefore, the claims against the Unified Court System must be dismissed, and Plaintiff is consequently not entitled to a TRO (or preliminary injunction) against it.  However, the Court will not dismiss the Unified Court System from this action before giving Plaintiff an opportunity to be heard.  *See Emilee Carpenter, LLC v.*

*James*, 575 F. Supp. 3d 353, 385 (W.D.N.Y. 2021) ("The Court has the power to dismiss a complaint sua sponte for failure to state a claim on which relief can be granted, so long as it gives the plaintiff an opportunity to be heard." (internal quotation marks omitted)).  If Plaintiff wishes to be heard on the matter, she may file a response with the Court by 5:00 P.M. on February 9, 2023.

That leaves Plaintiff's two claims against the City.  *See* ECF No. 1 at 2-5.  In the first claim, Plaintiff argues that she was removed as an assistant city judge in violation of her procedural due process rights because she did not receive any notice from, or opportunity to be heard by, the City Council before it removed her.  *See* ECF No. 1 at 2.  In her second claim, Plaintiff asserts that the City Council refused to reappoint her to a new term as assistant city judge based on her religious beliefs, in violation of her First Amendment free-exercise rights.  *Id.* at 5.

Because Plaintiff has not demonstrated that, absent a TRO, she will suffer irreparable harm while expedited briefing on the preliminary injunction motion proceeds, the Court declines to issue a TRO.

"The showing of irreparable harm is perhaps the single most important prerequisite for a preliminary injunction."  *Basank v. Decker*, 449 F. Supp. 3d 205, 210 (S.D.N.Y. 2020).  In *Kane v. De Blasio*, 19 F.4th 152 (2d Cir. 2021), the Second Circuit addressed a similar issue to the one presented here.  There, fifteen teachers and school administrators challenged the COVID-19 vaccine mandate imposed by the New York City Commissioner of Health and Mental Hygiene, as well as the process by which religious accommodations were evaluated.  *See Kane*, 19 F.4th at 158, 162.  The district court denied the plaintiffs' request for a preliminary injunction.  The plaintiffs requested an emergency injunction pending appeal and, because the City of New York conceded that the accommodation process was "constitutionally suspect," the Second Circuit

ordered that the plaintiffs receive "fresh consideration" of their accommodation requests while the appeal proceeded. *Id.* at 162. The plaintiffs were to receive backpay if their requests were granted. *Id.* In a later decision on the merits, the Second Circuit affirmed the appropriateness of this relief, concluding that the plaintiffs had shown a likelihood of success on their claim challenging the accommodation process. *See id.* at 169.

But the Second Circuit refused Plaintiffs' request for broader relief—namely, "an injunction immediately reinstating them and granting them backpay pending *de novo* consideration of their requests for religious accommodations." *Id.* at 170. The Second Circuit noted that in "government personnel cases . . . we apply a particularly stringent standard for irreparable injury and pay special attention to whether the interim relief will remedy any irreparable harm that is found." *Id.* at 171 (internal quotation marks omitted). It concluded that the mere fact that the plaintiffs would be required to remain on leave without pay for a few additional weeks—pending redetermination of their requests for religious accommodations—was inadequate to justify an injunction reinstating them, especially because the plaintiffs would "receive backpay if their requests for religious accommodations [were] granted," which "obviate[d] [the] risk of irreparable harm." *Kane*, 19 F.4th at 171. In other words, during the period of redetermination, the plaintiffs faced only "economic harms, principally a loss of income." *Id.* "It is well settled, however, that adverse employment consequences . . . are not the type of harm that usually warrants injunctive relief because economic harm resulting from employment actions is typically compensable with money damages" and/or reinstatement. *Id.* at 171-72; *see also id.* at 172 ("Plaintiffs are not required to perform or abstain from any action that violates their religious beliefs. Because Plaintiffs have refused to get vaccinated, they are on leave without pay. The resulting loss of income undoubtedly harms Plaintiffs, but that harm is not irreparable.").

4

The same logic applies to Plaintiff's first claim and her request for a TRO compelling her reinstatement during the pendency of expedited briefing.  Plaintiff claims that her removal violated her procedural due process rights, but the harms she would suffer over the next few weeks are principally economic, *i.e.*, loss of income.  *See* ECF No. 4 at 2.  That harm can certainly be remediated via money damages.  Furthermore, the Court is skeptical of Plaintiff's argument that a procedural due process violation constitutes irreparable injury *per se*.  *See* ECF No. 3 at 8-9; *see, e.g.*, *Raja v. Burns*, No. 19-CV-1328, 2019 WL 1118044, at *4 n.7 (E.D.N.Y. Mar. 11, 2019) (rejecting plaintiff's claim that "he need not show irreparable harm when alleging a constitutional violation," because that "exception to the TRO burden is limited to certain constitutional contexts, of which procedural due process violations are not one, where the nature of the right at issue makes monetary compensation difficult"); *Stallworth v. Joshi*, No. 17-CV-7119, 2017 WL 8777378, at *7 (S.D.N.Y. Nov. 22, 2017) ("[A]n allegation of a constitutional violation is not a magic wand that can be waved to conjure up irreparable harm."); *see also A.H. v. French*, 985 F.3d 165, 176 (2d Cir. 2021) ("In cases alleging constitutional injury, a strong showing of a constitutional deprivation *that results in noncompensable damages* ordinarily warrants a finding of irreparable harm." (emphasis added)).  Because Plaintiff has not demonstrated that, absent her reinstatement, she would be irreparably harmed during the pendency of expedited briefing, the Court will not issue a TRO compelling Plaintiff's reinstatement while briefing proceeds.

With respect to Plaintiff's second claim and her request that the City be enjoined "from failing to re-appoint her" as an assistant city judge for the upcoming term, ECF No. 3 at 1, Plaintiff has failed to sufficiently explain why a TRO is necessary during the pendency of expedited briefing.  Since the new term does not begin until March 2023, Plaintiff would obtain the same relief—*i.e.*, re-appointment as an assistant city judge—whether the Court issues a TRO now or in

a few weeks, after the City has had an opportunity to be heard.  Rule 65(b) precludes a TRO in

such circumstances.  *See* Fed. R. Civ. P. 65(b)(1)(A) (stating that a court may issue a TRO without

notice only if the movant clearly shows that "immediate and irreparable injury . . . will result to

the movant *before* the adverse party can be heard in opposition" (emphasis added)).

## CONCLUSION

For these reasons, the Court intends to *sua sponte* dismiss the Unified Court System as a

defendant, in which case Plaintiff's requests for a TRO and a preliminary injunction against the

Unified Court System will be DENIED AS MOOT.  If Plaintiff wishes to be heard on the matter,

she may file a response with the Court by 5:00 P.M. on February 9, 2023.  Except for that response,

the Court will not permit further briefing with respect to the claims against the Unified Court

System.  Plaintiff's request for a TRO against the City of Hornell pending further proceedings on

her motion for a preliminary injunction is DENIED.  The Court orders expedited briefing on the

preliminary injunction motion against the City as follows:

- By 5:00 P.M. on February 9, 2023, Plaintiff shall serve a copy of this Decision & Order on <u>both</u> Defendants and file an affidavit of service confirming such.

- By 5:00 P.M. on February 9, 2023, Plaintiff may file a supplemental brief in support of her request for a preliminary injunction against the City.

- By 5:00 P.M. on February 15, 2023, the City shall file its response to Plaintiff's motion for a preliminary injunction.

- By 5:00 P.M. on February 17, 2023, Plaintiff may file a reply.

- Oral argument is scheduled for 11:00 A.M. on  February 21, 2023.

IT IS SO ORDERED.

Dated: February 6, 2023
      Rochester, New York

                                        _____
                                  HON. FRANK P. GERACI, JR.
                                  United States District Judge
                                  Western District of New York